**AFFIRMED IN PART, SENTENCE VACATED AND REMANDED.**

UNITED STATES of America, Plaintiff–Appellee,

v.

Richard Eric KING, Defendant–Appellant.

No. 03–50393.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 2004.

Decided Oct. 29, 2004.

Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jaime Guerrero, US Attorney's Office, Donald Etra, Esq., Donald Etra Law Offices, Los Angeles, CA, for Defendant–Appellant.

Before: T.G. NELSON, WARDLAW, and BERZON, Circuit Judges.

## MEMORANDUM *

Richard Eric King appeals from his conviction and sentence for knowing possession of two unregistered silencers and three unregistered short-barreled rifles in violation of 26 U.S.C. § 5861(d). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ The district court did not commit clear error in concluding that the government's transposition of King's first two names in the search warrant affidavit was not "knowing," "intentional" or performed "with reckless disregard for the truth." *United States v. Elliott*, 322 F.3d 710, 714 (9th Cir.) (internal quotation marks omitted), *cert. denied*, 540 U.S. 862, 124 S.Ct. 169, 157 L.Ed.2d 112 (2003). Because "many times the first and middle names are interchanged" to no effect in searches of the Department of Motor Vehicles or the federal firearm registries, the district court was justified in concluding that the mistake was "understandable and [doesn't] reflect unreasonable conduct."

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We do not agree that the "affidavit's remaining content [would] be insufficient to establish probable cause" if the erroneous portion was stricken. *Franks v. Delaware*, 438 U.S. 154, 156, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Officer Kiernan, who testified that he had "familiarity with armaments based on [his] military career" saw "what he believed to be a M–2 machinegun in King's house." Because the M–2 machine gun is illegal to own, evidence of possession of that gun alone would have provided probable cause for a search.

King's remaining three claims are without merit. First, the evidence is sufficient to support the conclusion "that [King] knew the weapon[s] he possessed had the characteristics that brought [them] within the statutory definition." *Staples v. United States*, 511 U.S. 600, 602, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994). Because King admitted that he knew what the silencers were and stated that they "came with the house," "any rational trier of fact could have found," *United States v. Blitz*, 151 F.3d 1002, 1006 (9th Cir.1998) (internal quotation marks omitted), that King knew that he possessed them. Further, "[k]nowledge can be inferred from circumstantial evidence." *Staples*, 511 U.S. at 615 n. 11, 114 S.Ct. 1793. The close proximity of the rifle uppers and lowers, that King had a large collection of registered weapons, and King's sophisticated knowledge of weaponry could convince a rational trier of fact that King knew that he had rifle uppers and lowers that could "readily be restored to fire." 26 U.S.C. § 5845(c).

Second, the district court correctly concluded that while the government's discovery violation was "at least misconduct," that violation had no bearing on the evidence as to the unregistered silencers or short-barreled rifles, and thus did not cause "substantial prejudice" to King.

*United States v. Ross*, 372 F.3d 1097, 1110 (9th Cir.2004).

Finally, the district court did not err in refusing to grant a judgment of acquittal on the grounds of brevity of jury deliberations when the jury deliberated for one and one-half hours after a three-day trial.

AFFIRMED.